

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| James J. Vilt, Jr., Clerk of Court<br>502.625.3508 | Gene Snyder Courthouse<br>601 W. Broadway<br>Louisville, Kentucky, 40202 |

August 20, 2021

Jacob E. Levy
Kaufman & Stigger, PLLC
7513 New LaGrange Road
Louisville, KY 40222

Mark K. Gray
Gray & White
713 E. Market Street, Suite 200
Louisville, KY 40202

Matthew L. White
Gray & White
2301 River Road, Suite 300
Louisville, KY 40206

### In Re: Bowling v. 3M Company (3:16-cv-00135)

Dear Counsel:

I have been contacted by Judge Thomas B. Russell who presided over the above-referenced case. Judge Russell has informed me that it has been brought to his attention that while he presided over this case, he owned stock in 3M Company.

This stock was purchased in the context of Judge Russell's participation in an investment club partnership and, unbeknownst to Judge Russell, was inadvertently not included in the Clerk's Office's conflict screening software at the time this matter was assigned to him. As you are aware, this case was transferred to the U.S. District Court for the District of Minnesota by the United States Judicial Panel on Multidistrict Litigation on April 15, 2016.

While Judge Russell's ownership of stock had no impact on the outcome in this matter, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Russell directed me to notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified." With Advisory Opinion 71 in mind, you are invited to respond to Judge Russell's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before September 20, 2021. Any response will be considered by the Chief Judge of this court without the participation of Judge Russell.

Sincerely,

/s/ *James J. Vilt, Jr.*

James J. Vilt, Jr.
Clerk of Court